**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-16661 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-00626-MMD-CSD |
| v. | |
| $204,700.00 IN UNITED STATES CURRENCY, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| LISA HENRY, | |
| Claimant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted May 14, 2024
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and TUNHEIM,** District Judge.
Dissent by Judge BRESS.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Lisa Henry challenges the district court's order striking her civil forfeiture claim under Supplemental Rule of Civil Procedure G(8) for failure to comply with orders compelling her to respond to the government's discovery requests. We review the district court's order striking a claim for abuse of discretion. *United States v. $133,420 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012). We affirm.

Henry was pulled over in Nevada while driving a pickup truck for a traffic violation. The officers ultimately found in the truck duffel bags containing vacuum-sealed bags of currency amounting to $204,700. The government seized the money and filed a complaint for forfeiture. Henry filed a verified claim asserting that she owned the property and that it was not contraband. She moved to suppress the evidence obtained during the traffic stop.

The government issued Henry special interrogatories under Federal Rule of Civil Procedure's Supplemental Rule G for Forfeiture Actions in Rem. Supplemental Rule G(6) permits the government to issue special interrogatories about the claimant's identity and relationship to the property at "any time" after a claim is filed. She objected to the scope of the interrogatories. The government moved to compel Henry to respond to the interrogatories, Magistrate Judge Cobb granted the government's motion, and Henry submitted supplemental responses offering her addresses and admitting that she had a 20-year-old theft conviction. She refused to explain how she obtained the property.

The government moved to strike Henry's claim for failing to provide full and complete responses to the special interrogatories, and Judge Du struck the claim. The court then ordered default judgment that the property was subject to forfeiture. She then appealed.

For the reasons outlined in our companion case *United States v. $1,106,775.00 in U.S. Currency*, No. 22-16499—which was argued on the same day as this case and which opinion is being issued simultaneously—we affirm the decision striking her claim. As explained in that opinion, Rule G(6) gives the government a tool to test the claimant's standing by allowing "the government to collect information regarding the claimant's 'relationship to the defendant property.'" *United States v. $133,420 in U.S. Currency*, 672 F.3d 629, 642 (9th Cir. 2012). Supplemental Rule G(8) allows the government to move to strike claims "for failing to comply with Rule G(5) or (6)." Because Henry did not adequately respond to the special interrogatories, we find that the district court did not err in striking her claim.

**AFFIRMED.**

*United States v. $204,700.00 in U.S. Currency*, 22-16661

BRESS, Circuit Judge, dissenting:

As I explain in my dissent in our companion case, *United States v. $1,106,775.00 in U.S. Currency*, No. 22-16499, I disagree with the majority's view of the civil forfeiture process, including the operation of the Supplemental Rule G(6) interrogatory device. I do believe, however, that Henry has a weaker claim on appeal than the claimant in our companion case, Porcelli. Henry failed to respond to numerous court orders requiring more substantial interrogatory responses, and she completely refused to explain how she obtained the property. This stands in contrast to Porcelli, who offered substantial responses to the government's interrogatories, and who provided the government with plenty of information to investigate his claim of ownership.

That said, because the law surrounding the Rule G(6) interrogatories was not clear until today, had my views prevailed in our companion case, I would have remanded Henry's case to allow her the opportunity to provide more complete responses to the Rule G(6) interrogatories. Like Porcelli, Henry filed a motion to suppress evidence obtained from the stop and search of her vehicle. And like in Porcelli's case, the district court never ruled on that motion. Consistent with my views in *$1,106,775.00 in U.S. Currency*, the district court on remand would need to assess the sufficiency of any revised responses from Henry in connection with her

1

pending motion to suppress. And the court would need to decide whether it was necessary to rule on the motion to suppress before striking her claim, should her amended responses otherwise fail to comply with Rule G(6).

For the reasons outlined more fully in my dissent in *$1,106,775.00 in U.S. Currency*, I respectfully dissent.